THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ALVIE J. GROVER,<br><br>                Plaintiff,<br>v.<br><br>MIKE GRAF, an individual; NICK NUCCITELLI, an individual; WASHINGTON COUNTY SHERIFF'S OFFICE, a state agency; THE SANTA CLARA-IVINS POLICE DEPARTMENT, NURSE FLAKE, an individual; AND PURGATORY CORRECTIONAL FACILITY,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT<br><br>Case No. 4:21-cv-086-DN-DBP<br><br>District Judge David Nuffer<br><br>Chief Magistrate Judge Dustin B. Pead |

      Plaintiff moves the court for leave to amend his First Amended Complaint.[1] Under Federal Rule 15(a)(2) the court should "freely give leave [to amend] when justice so requires."[2] As set forth herein, the court finds leave to amend should be given in this instance and therefore grants the motion.

      Plaintiff who was proceeding pro se, originally filed a handwritten Complaint in August 2021. Thereafter in March 2022, the court issued an order setting forth a limited scope of representation for appointed counsel.[3] Appointed counsel appeared pro-bono for Plaintiff and filed a First Amended Complaint in July 2023.[4] Pro-bono counsel then withdrew from representation. In February 2024, the court determined that the appointment of pro-bono counsel

---

[1] ECF No. 74.

[2] Fed. R. Civ. P. 15.

[3] ECF No. 23.

[4] ECF No. 35.

was again needed. On March 11, 22024, the firm of Sykes McAllister and Robert Sykes accepted the court's request and were appointed as pro-bono counsel.

On November 15, 2024, appointed pro-bono Counsel moved to file a Second Amended Complaint. Defendants did not file a response to the motion, and on December 6, 2024, Plaintiff filed a request to submit.[5] Shortly thereafter the court issued an order directing Defendants to file any response as to whether they oppose the motion.[6] The Washington County Defendants filed a non-opposition to the motion on December 13, 2024.[7] On this same date, Defendants Nick Nuccitelli and the Santa Clara-Ivins Police Department (Santa Clara Defendants), filed an opposition to the motion.

On February 5, 2024, the court entered an order for the second appointment of counsel. That order stated that counsel would be appointed for the "purpose of 1) conducting discovery, and 2) engaging in alternative dispute resolution, which may include a judicial settlement conference or mediation."[8] The Santa Clara Defendants argue moving to amend the complaint is "outside the scope of Plaintiff's counsel's limited appointment."[9] In response, Plaintiff offers three arguments. Leave should be freely given when justice so requires, and justice requires leave here. Next, Plaintiff's counsel specializes in these types of cases, and Plaintiff's counsel understanding of the appointment in this case was due in part to this background and experience. Seeking to amend the Complaint is thus within the appointment. Finally, the purpose of Rule 15 is to "'provide [a plaintiff] maximum opportunity for each claim to be decided on its merits.'"[10]

---

[5] ECF No. 75.

[6] ECF No. 76.

[7] ECF No. 77.

[8] Order dated February 5, 2024, p. 2, ECF No. 59.

[9] ECF No. 78 p. 1.

[10] Reply p. 3, ECF No. 79 (quoting *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)).

In essence, "[t]he purpose of the Amended Complaint is to clarify the factual allegations in the Complaint as well as the causes of action."[11] "Additionally, Plaintiff adds other parties which he alleges have culpability in the matter. Plaintiff's counsel believes it is important to this case that particular facts and claims are fully articulated and explained."[12]

The court acknowledges that in its appointment order it did not explicitly provide that new counsel was appointed to amend the complaint. Further, as noted by the Santa Clara Defendants, the court previously appointed a different law firm to amend the original complaint. However, the court did appoint current pro-bono counsel with the intent that a judicial settlement or mediation be pursued in this case. Allowing the amendment will help facilitate settlement as it clarifies the issues and ensures that all Defendants are at the table. Thus, the undersigned finds seeking to amend the complaint is not outside the scope of the court's appointment. In addition, under Rule 15, justice here requires that the Amended Complaint be allowed, and Defendants do not suffer the necessary prejudice to deny the motion.

Accordingly, Plaintiff's for Leave to Amend the First Amended Complaint is GRANTED.

IT IS SO ORDERED.

DATED this 19 December 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[11] Mtn. p. 3, ECF No. 74.

[12] *Id.*